[No. 9465.   Department Two. — May 21, 1887.]

## A. T. NOBLE, RESPONDENT, *v.* THOMAS DESMOND ET AL., APPELLANTS.

SHERIFF — RELEASE OF ATTACHED PROPERTY — NEGLIGENCE. — The plaintiff
  brought an action against one Bruce, in which an attachment was regu-
  larly issued and placed in the hands of the defendant as sheriff, who
  levied it upon certain cattle as the property of Bruce. One Goss, claim-
  ing to own the cattle, commenced an action of claim and delivery there-
  for against the defendant, and upon executing the undertaking required
  by the statute, the coroner took possession thereof and delivered them to
  him. The defendant did not execute the counter-undertaking as re-
  quired by section 514 of the Code of Civil Procedure, nor did he except

to the sufficiency of the sureties on the undertaking given by Goss, or notify the plaintiff of the action or of the giving of the undertaking. Soon after receiving the possession, Goss sold the cattle and left the state.  In the action brought by Goss, judgment was rendered in favor of the defendant.  The plaintiff herein recovered judgment against Bruce, on which he has been unable to realize anything.  The judgment against Goss has not been enforced, nor any portion of it paid.  At the time of the execution of the undertaking by Goss, he and the sureties thereon were and since have continued to be insolvent.  *Held,* that the defendant was guilty of negligence in accepting the undertaking given by Goss without compelling the sureties to justify.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Clitus Barbour*, for Appellants.

*Stetson & Houghton*, and *Whittimore & McKee*, for Respondent.

THORNTON, J. — In an action brought by plaintiff against one Bruce, an attachment was regularly sued out and placed in the hands of the defendant as sheriff of the city and county of San Francisco, who levied it upon a lot of cattle as the property of Bruce, and took them into his possession.  One Goss claimed the property, and sued the defendant in an action of claim and delivery, usually with us styled replevin, to recover the cattle seized under the writ.  Goss made affidavit, and executed the usual undertaking with sureties, as required by the statute (Code Civ. Proc., secs. 510–519), and upon the receipt of the affidavit, undertaking, and requisite notice, the coroner took the cattle from the possession of the defendant.  The latter did not execute the counter-undertaking, as required by section 514 of the Code of Civil Procedure, nor did he give notice that he excepted to the sufficiency of the sureties (see Code Civ. Proc., sec. 513,) and the coroner delivered the cattle to Goss.  It appears that Goss, not long after receiving possession of the

property, sold it, and left the state.   The action brought by Goss was tried, and the usual judgment in replevin passed for the defendant.   The plaintiff herein recovered judgment against Bruce, on which he has been unable to make anything.   Bruce had no other property at the time the attachment was sued out, except the cattle above mentioned.   The judgment against Goss has not been enforced, nor any part of it paid or satisfied.

It is claimed that Goss, and the sureties on the undertaking given by him, were insolvent when it was executed, and still continue insolvent; that the sheriff (Desmond) failed to except to the sufficiency of the sureties on the undertaking; that the sheriff did not reclaim, or attempt to reclaim, the property levied on, and did not notify either plaintiff or his attorneys of the commencement of the action against him by Goss, or that any undertaking had been given by Goss.

The evidence tends to show that the sureties were insufficient at the time they executed the undertaking, and the jury must have found such to be the fact in rendering a verdict for plaintiff.   On the evidence appearing in the statement, we cannot say that it was insufficient to sustain the verdict.   It was for the jury to say what weight the evidence was entitled to; and as it tended to show that the sureties were insolvent at the time mentioned, we cannot interfere with the judgment or order in this case on that ground.   That the sheriff did not except to the sureties, or give a counter-bond, is not disputed.   And we are of opinion that the plaintiff knew nothing of the action brought by Goss, or of his having executed the undertaking above mentioned, until after the property had been delivered to Goss, when it was too late to except to the sureties, or execute a counter-undertaking.

It is argued that the defendant did nothing and omitted nothing in his capacity as sheriff for which he is responsible.   In our opinion, the evidence shows negli-

gence in the sheriff for which he is clearly responsible. When the sheriff seized the cattle under the writ of attachment, he was bound to hold them to satisfy any judgment which might be recovered in the action of Noble against Bruce. The measure of his obligation in regard to the property seized is that of a person of ordinary discretion and judgment in respect to his own property; that is, he is bound to use such care and diligence as a person of ordinary prudence might reasonably be expected to use in regard to his own property. (*Jones* v. *McGuirk*, 51 Ill. 382. See the cases cited in Shearman and Redfield on Negligence, sec. 530, and notes.)

The undertaking given in this case is intended by the law as standing in place of the property taken under it, —as the equivalent of it. (See *Swezey* v. *Lott*, 21 N. Y. 483; S. C., 78 Am. Dec. 160.) It is conditioned for the return of the property taken to the defendant if return thereof be adjudged, and for the payment to the defendant of such sum as may from any cause be recovered in the action against plaintiff. The sheriff is holding the property for another, and is acting for another. He is to be regarded as an agent, and a paid agent of the plaintiff, for whom he was acting. He is bound, in regard to the undertaking given to him as the equivalent of the property, to see that it is valuable,—to act as an agent or a bailee for hire might reasonably be expected to act under the circumstances. Such agent or bailee would be expected to use every means to have his principal or bailor protected. It would be reasonable to expect him to inquire into the sufficiency of the sureties, and to use every reasonable mode of ascertaining whether they were or not solvent. If the plaintiff, in the action in which he had seized the property, or his attorney, could be seen or communicated with, an agent of ordinary prudence would inform them, or one of them, that they might aid in ascertaining the condition of the sureties in point of responsibility.

In this case we are of opinion that the sheriff was clearly negligent in accepting the undertaking in question without taking the steps to find out whether the sureties were sufficient. At any rate, he should have compelled them to justify, which he totally neglected to do. It does not appear that he made any inquiry as to the pecuniary condition of the sureties, and we are convinced that if the sureties had been held to justify, that they would have been rejected as insufficient. The sheriff did not come up to the obligation of care and diligence required by law. He was therefore guilty of negligence in the discharge of the duties required of him by law, for which he and his sureties are responsible.

We find no error in the record, and the judgment and order are affirmed.

We think it proper to say that, feeling some doubt on the point whether the appeal should be dismissed on account of the language of the stipulation in regard to the transcript, we do not pass on the motion; and, as we conclude to affirm the judgment and order, it is unnecessary to pass on it. Ordered as above.

McFARLAND, J., SHARPSTEIN, J., concurred.

Hearing in Bank denied.