05-4237-cv
*Kassner v. 2ⁿᵈ Avenue Delicatessen Inc.*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2005

(Argued: February 17, 2006         Decided: July 24, 2007)

Docket No. 05-4237-cv

----------------------------------------------------------

DIANE KASSNER and MARSHA REIFFE,

Plaintiffs-Appellants,

JOSEPH FARRINO,

Plaintiff,

-- v. --

2nd AVENUE DELICATESSEN INC. and JACOB LEBEWOHL, in his official
capacity as Owner and General Manager of the 2nd Avenue
Delicatessen Inc.,

Defendants-Appellees.

----------------------------------------------------------

Before: KEARSE and SACK, Circuit Judges, and STANCEU, Judge.*

Plaintiffs-appellants, who sued alleging age discrimination and retaliation by defendants-appellees in violation of Federal, New York State, and New York City laws, appeal the judgment of the United States District Court for the Southern District of New York (George B. Daniels, Judge) granting defendants' motion under

* The Honorable Timothy C. Stanceu, United States Court of International Trade, sitting by designation.

Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted and denying as futile plaintiffs' cross-motion to amend that complaint.

AFFIRMED IN PART and VACATED AND REMANDED IN PART.

> Lee Nuwesra (Jerald Abrams, on the brief), Law Office of Lee Nuwesra, New York, New York, for Plaintiffs-Appellants.

> Kenneth Kirschner (Michael E. DeLarco, on the brief), Heller Ehrman LLP, New York, New York, for Defendants-Appellees.

STANCEU, Judge:

Plaintiffs-appellants Diane Kassner and Marsha Reiffe brought an action in the United States District Court for the Southern District of New York in September 2004, alleging age discrimination on the basis of adverse employment actions and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.  They appeal from the district court's judgment in favor of defendants-appellees 2nd Avenue Delicatessen Inc. and its owner and general manager, Jacob Lebewohl, entered on July 8, 2005.

The district court (George B. Daniels, Judge) granted defendants' motion to dismiss the complaint for failure to state

2

a claim upon which relief can be granted and denied as futile plaintiffs' cross-motion to amend the complaint. The district court ruled that all of Kassner's claims were time-barred under applicable statutes of limitations, that most of Reiffe's claims also were time-barred, and that Reiffe's remaining claims either did not amount to an adverse employment action or were supported by insufficient factual allegations from which the court could infer age discrimination. The district court concluded, further, that allowing plaintiffs to amend the complaint would be futile because plaintiffs' proposed amended complaint alleged few new facts and because, in restating the same alleged acts by defendants without the references to specific dates that appeared in the complaint as filed, the proposed amended complaint could hide, but not cure, any timeliness deficiencies.

We conclude that certain of plaintiffs' claims were supported by factual allegations sufficient to withstand a motion to dismiss for failure to state a claim upon which relief can be granted. We further conclude that the district court erred in denying the motion to amend the complaint on the ground of futility and direct that the district court, on remand, exercise its discretion under Federal Rule of Civil Procedure 16(b) to determine whether the proposed amendment or different amendments to the complaint should be allowed. For these reasons, we vacate the judgment dismissing the action and remand the matter to the district court for further proceedings in accordance with this Opinion.

3

# I. BACKGROUND

When they commenced their action in district court in 2004, plaintiffs Kassner and Reiffe were 79 and 61 years of age, respectively, and were employed as waitresses in a restaurant operated by defendant 2nd Avenue Delicatessen Inc. Kassner had worked for 2nd Avenue Delicatessen Inc. since 1986; Reiffe began her employment there in 1974. On November 26, 2002 and December 20, 2002, prior to bringing this action, Reiffe and Kassner, respectively, filed claims of age discrimination with the Equal Employment Opportunity Commission ("EEOC") against 2nd Avenue Delicatessen Inc. and Jacob Lebewohl. See Br. for Defs.- Appellees 5. The EEOC issued each plaintiff a right-to-sue form letter dated June 18, 2004. Id. at 6.

Plaintiffs filed their complaint in the United States District Court for the Southern District of New York on September 13, 2004, alleging that defendants violated the ADEA, the NYSHRL, and the NYCHRL by discriminating against plaintiffs on account of age and by retaliating against plaintiffs for complaining about age discrimination and for bringing charges alleging age discrimination. The complaint contains various allegations to the effect that defendants discriminated against plaintiffs by assigning them to work shifts and work stations at which earnings were less than those to which younger waitresses were assigned. Compl. ¶¶ 12-13, 21-23. The complaint alleged that defendant Lebewohl and several of his subordinates

4

repeatedly made degrading comments about Kassner, "including, but not limited to, 'drop dead,' 'retire early,' 'take off all of that make-up[,]' and 'take off your wig.'" Id. ¶ 14. The complaint further alleged that defendants retaliated against Reiffe by changing her work shift and work station. Id. ¶¶ 20-23. In addition, the complaint claimed that defendant Lebewohl pressured plaintiffs to retire and pointed to the front of the restaurant and said "there's the door" when they complained about their disparate treatment. Id. ¶¶ 44-45, 50-51, 56-57 (emphasis omitted). Plaintiffs sought injunctive relief, lost earnings, compensatory and punitive damages, and an award for attorneys' fees. Id. ¶ 2, PRAYER FOR RELIEF.

On September 22, 2004, nine days after plaintiffs filed the complaint, the district court entered a Civil Case Management Plan and Scheduling Order, pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure. The Case Management Plan and Scheduling Order limited the time for amendment of the pleadings, requiring any amendments to the pleadings to be made by February 1, 2005.

Defendants did not file or serve an answer to the complaint but instead, on October 12, 2004, moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. During approximately the next four months, plaintiffs sought and were granted extensions of time in which to respond to the motion to dismiss, to engage in settlement discussions with defendants, and to obtain new

counsel. On March 4, 2005, plaintiffs, through their new counsel, timely filed their opposition to the motion to dismiss and moved to amend their complaint.

In a judgment entered on July 8, 2005, the district court granted defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted and denied plaintiffs' cross-motion to amend the complaint. In its Memorandum Decision and Order, dated July 5, 2005, the district court concluded that plaintiffs' ADEA claims were time-barred to the extent they were based on discrete acts that occurred before February 23, 2002 because the ADEA requires filing of an administrative complaint with the EEOC within 300 days after the alleged unlawful employment practice. Mem. Dec. & Order at 3; see 29 U.S.C. § 626(d) (2000). The district court also found plaintiffs' NYSHRL and NYCHRL claims to be time-barred by the applicable three-year statutes of limitations to the extent they were based on discrete acts occurring before September 13, 2001. See Mem. Dec. & Order at 3-4. The district court concluded that all of Kassner's claims were time-barred because they were based on alleged discrete acts occurring in 1999. Id. at 4. Moreover, the district court ruled that the only allegations by Reiffe of discriminatory acts that were not time-barred "either do not amount to an adverse employment action or are insufficient factual allegations to infer that those actions were based upon her age." Id. at 4-5.

6

In denying plaintiffs' cross-motion to amend the complaint, the district court noted that the proposed amended complaint "adds few new factual allegations" and "simply drops any reference to applicable dates in an attempt to vaguely and generally refer to events without any time reference." Id. at 6. The district court concluded that "[s]uch a proposed amendment may hide, but cannot cure, any time-barred deficiencies. It therefore would be futile." Id.

Plaintiffs-appellants subsequently brought this appeal and, in connection therewith, request legal fees and costs.

## II. DISCUSSION

### A. The District Court Erred in Granting Defendants' Rule 12(b)(6) Motion to Dismiss the Complaint in the Entirety

We review de novo the district court's grant of a motion to dismiss. Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002). In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court is to accept as true all facts alleged in the complaint. Id. The court is to draw all reasonable inferences in favor of the plaintiff. Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006); see also Leibowitz v. Cornell Univ., 445 F.3d 586, 591-92 (2d Cir. 2006). The Supreme Court has held that, under the notice system of pleading established by the Federal Rules of Civil Procedure, "an employment discrimination plaintiff need not plead a prima facie case of discrimination." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002). Under

7

Rule 8(a)(2), the pleading requirement is satisfied by "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz, 534 U.S. at 512 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Leibowitz, 445 F.3d at 591. The Supreme Court has rejected the argument that allowing lawsuits based on conclusory allegations of discrimination would encourage disgruntled employees to sue and thereby overburden the courts. "Whatever the practical merits of this argument, the Federal Rules do not contain a heightened pleading standard for employment discrimination suits." Swierkiewicz, 534 U.S. at 514-15. Therefore, in considering such a motion to dismiss, "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." Fernandez, 471 F.3d at 51 (internal quotation marks and citation omitted).

In reviewing the complaint and thereby dismissing plaintiffs' age discrimination claims, the district court considered many discrete acts to be time-barred. A plaintiff seeking to recover under the ADEA must file a discrimination charge with a state agency within 300 days of the occurrence of the allegedly unlawful employment practice. See 29 U.S.C. § 626(d)(2). The district court concluded that plaintiffs' ADEA claims were time-barred to the extent they were based on discrete

acts that occurred before February 23, 2002, based on a filing date of December 20, 2002 for the administrative EEOC complaints.[1]  Mem. Dec. & Order at 3.  Because claims under the NYSHRL and the NYCHRL are time-barred unless filed within three years of the alleged discriminatory acts, the district court also ruled that such claims are time-barred to the extent they were based on discrete acts occurring before September 13, 2001.  Id. at 3-4; see N.Y. Exec. Law § 296; N.Y. C.P.L.R. § 214(2) (McKinney 2003); N.Y.C. Admin. Code § 8-502(d).

A prima facie case of age discrimination requires that plaintiffs demonstrate membership in a protected class, qualification for their position, an adverse employment action, and circumstances that support an inference of age discrimination.  Galabya v. New York City Bd. of Educ., 202 F.3d 636, 639 (2d Cir. 2000).  "A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment.  To be 'materially adverse' a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'"  Id. at 640 (quoting Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir. 1993)) (citation

---

[1] The complaint alleges that both plaintiffs filed their EEOC complaints "on or about December 20, 2002."  Compl. ¶ 3. According to the copies of the EEOC complaints in the record, Kassner's EEOC charge was filed on that date, but Reiffe's EEOC charge actually was filed 24 days earlier, on November 26, 2002. Accordingly, Reiffe's ADEA claims are time-barred if based on discrete acts occurring before January 30, 2002.

omitted). A change that is "materially adverse" could consist of, inter alia, "a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation." Id. (omission in original) (internal quotation marks and citation omitted). At this stage of litigation, plaintiffs need not plead a prima facie case and may withstand a motion to dismiss by meeting a lesser standard. Plaintiffs need only comply with Rule 8(a)(2) by providing a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendants fair notice of plaintiffs' claims of age discrimination and the grounds upon which those claims rest. See Swierkiewicz, 534 U.S. at 512.

We agree with the district court that certain acts alleged in the complaint do not plead causes of action that were timely under the applicable statutes of limitations. Nevertheless, the complaint contains other allegations that, when construed together to draw all reasonable inferences in favor of plaintiffs, state valid causes of action under the ADEA, the NYSHRL, and the NYCHRL. As to the discrete acts for which the district court considered claims to be timely, the district court observed that "[p]laintiffs primarily complain of a number of shift or work station changes that reduced their potential for tip income." Mem. Dec. & Order at 5. With respect to such

10

"shift or work station changes," the district court concluded that "none of the acts complained of by plaintiffs rise to the level of a material adverse employment action." Id. We decline to hold that a waiter or waitress repeatedly assigned to less desirable work stations and work shifts than younger wait-staff can never, under any proven set of facts, obtain a remedy for age discrimination in employment.

We now turn to the allegations in the complaint relevant to each plaintiff's claim of age discrimination based on changes in work stations and work shifts. Kassner alleged in the complaint that "[i]n 1999, Defendant, Lebewohl, permanently assigned Ms. Kassner to work station six, located by the toilet and kitchen" and that "[c]ustomers do not sit at station six because of its location." Compl. ¶ 12. This allegation of a permanent assignment to an undesirable work station is time-barred under the ADEA, the NYSHRL, and the NYCHRL. "A discrete retaliatory or discriminatory act occurred on the day that it happened." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002) (internal quotation marks omitted). As we have stated previously, a completed act such as a discontinuance of a particular job assignment is not of a continuing nature. Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997). The district court was correct in dismissing any claim arising from this factual allegation. The complaint also alleges

11

that "[i]n 1999, Lebewohl also refused to assign Ms. Kassner any weekend shifts. However, younger waitresses are rotated amongst the better stations and assigned to weekend shifts, which is when the most money is made." Compl. ¶ 13. Because this allegation also is pleaded as having occurred in 1999, it too is time-barred under the ADEA, the NYSHRL, and the NYCHRL. We conclude, therefore, that the district court correctly ruled that Kassner had made no timely allegations of employment-related age discrimination based on changes in work stations and work shifts.

We conclude, as did the district court, that not all of the allegations of changes in work stations and work shifts affecting Reiffe are untimely. The complaint alleges that in 1999 defendant Lebewohl discriminated against Reiffe by making a change in Reiffe's schedule that removed her from a Sunday shift. Id. ¶ 17. In referring to a discrete act occurring in 1999, this allegation is time-barred under the ADEA, the NYSHRL, and the NYCHRL. Another allegation in the complaint is of a discriminatory assignment, for four consecutive days in January 2002, to the counter station, which the complaint alleges to be the least profitable station and to which only new workers allegedly are usually assigned. Id. ¶ 21. This alleged assignment is one for which relief is not time-barred under the NYSHRL and the NYCHRL. On the face of the complaint, it is not possible to determine whether relief would be time-barred under the ADEA; the allegation would be timely under the ADEA if Reiffe

12

were able to show that the assignment was made on or after January 30, 2002. The complaint also includes the allegation that Lebewohl, in September 2002, discriminated against Reiffe by changing Reiffe's station and her hours on Saturdays such that she was removed from the early dinner shift. Id. ¶ 22. It further alleges that in September 2002 her hours on Tuesdays, which were 11:00 a.m. until 3:45 p.m., were changed to 12:00 p.m. until 3:00 p.m. Id. ¶ 23. These allegations of acts occurring in September 2002 do not refer to acts for which relief is barred under the various statutes of limitations.

Viewed absent the time-barred allegations, Reiffe's claims that defendants discriminated against her in her station and shift assignments are based on an allegation that she was assigned in January 2002 to the least desirable station, the counter, for four consecutive days and an allegation that her Tuesday and Saturday station and shift assignments were changed in September 2002. The complaint fails to allege specifically that the September 2002 station and shift assignments were less favorable than those to which Reiffe previously was assigned. However, in the context of the complaint as a whole we are able to draw an inference in favor of Reiffe that the new station and shift assignments were less desirable than the previous ones and less desirable than those to which younger workers were assigned. We also may infer from the language of the complaint that the changes continued after September 2002. Reiffe's timely claims

13

relating to changes in shifts are limited to an allegation that in September 2002 her hours were reduced on Tuesdays and also on Saturdays, when she was removed from the early dinner shift. The significance of the reduction in hours on Tuesdays is not apparent from the face of the complaint; whether this alleged action was adverse is a matter of speculation. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). We may infer the significance of the change in the Saturday hours based on the allegation in the complaint that the weekend shifts were the most lucrative shifts. Compl. ¶ 13. We also may infer that the change in Reiffe's Saturday hours continued after September 2002.

The district court concluded that the timely claims on behalf of Reiffe "either do not amount to an adverse employment action or are insufficient factual allegations to infer that those actions were based upon her age." Mem. Dec. & Order at 5. The timely allegations made on behalf of Reiffe are limited in scope and therefore might be construed as insufficient to constitute a "materially adverse change" in the terms and conditions of employment, see Galabya, 202 F.3d at 640, were we not required to draw all reasonable inferences on behalf of the plaintiff. The inferences in favor of Reiffe that we discussed previously cause us to conclude that Reiffe's claims of age discrimination based on certain changes in work station and work shift assignments, although limited, are sufficient to withstand

14

a motion to dismiss under the standard articulated in Swierkiewicz, 534 U.S. at 512. We conclude, therefore, that the district court should have allowed Reiffe to proceed on claims that certain alterations made to her work station and work schedule in January 2002 and September 2002, i.e., those for which relief is not time-barred, constituted employment-related age discrimination.

We next consider the issue of discrimination based on a hostile work environment. Although the complaint does not explicitly allege discrimination based on a hostile work environment, the complaint alleges "continued harassment" of Kassner and alleges facts from which we may infer pleading of hostile work environment claims as to her; the complaint states that "Lebewohl and several of his subordinates have repeatedly made degrading comments towards Ms. Kassner, including, but not limited to, 'drop dead,' 'retire early,' 'take off all of that make-up[,]' and 'take off your wig.'" Compl. ¶¶ 14-15. An actionable discrimination claim based on hostile work environment under the ADEA is one for which "the workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment. . . .'" Brennan v. Metro. Opera Ass'n, 192 F.3d 310, 318 (2d Cir. 1999) (quoting Harris v. Forklift Sys., Inc., 510

15

U.S. 17, 21 (1993)) (omission in original).  The determination of hostility depends on whether a reasonable person would find the work environment to be hostile and whether plaintiffs subjectively perceived it to be so.  Id.  Minor incidents do not merit relief.  Id.  Plaintiffs need not present a list of specific acts.  Id.  To establish a hostile work environment, plaintiffs must "prove that the incidents were sufficiently continuous and concerted to be considered pervasive."  Id. (internal quotation marks and citation omitted).  "A plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class."  Id.  At the pleading stage of the case, however, plaintiffs need not plead a prima facie case of discrimination based on hostile work environment, so long as they provide in the complaint a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendant fair notice of plaintiffs' claim for hostile work environment and the grounds upon which that claim rests.  See Swierkiewicz, 534 U.S. at 512. As to Kassner, the allegation of a hostile work environment is sufficient for this purpose and thus entitles Kassner to proceed to discovery and put on evidence in support of her hostile work environment claims.  To prevail, Kassner will have to persuade the factfinder that, inter alia, the comments the complaint

16

attributes to Lebewohl and subordinates actually were age-related.

As to Reiffe, however, we consider the factual allegations in the complaint to be insufficient to state a claim of hostile work environment. The complaint alleges that defendants "pressur[ed] plaintiffs to retire from employment." See Compl. ¶¶ 45, 51, 57. This allegation, even when aided by inferences in favor of Reiffe, is so vague that it fails to provide defendants with fair notice of the factual grounds supporting an implied claim that Reiffe was subjected to a hostile work environment. The complaint alleges no specific facts as to what was done to pressure Reiffe to retire. The complaint does contain an allegation, which was timely under the NYSHRL and the NYCHRL but not under the ADEA, that the manager of 2nd Avenue Delicatessen Inc., in December 2001, suspended Reiffe without pay for an incident without conducting a proper investigation and, when Reiffe objected to the suspension, threatened to subject Reiffe to arrest if she appeared in the restaurant. Id. ¶ 18. The complaint, however, fails to allege any facts about the circumstances surrounding the suspension and the incident that gave rise to it. The allegations made on behalf of Reiffe, if assumed to be true, would not be sufficient to justify a conclusion that Reiffe is entitled to a remedy based on a hostile work environment claim.

We turn next to the pleading of plaintiffs' retaliation claims. The ADEA prohibits an employer from discriminating against an individual employee because of the individual's opposing any practice made unlawful under the statute. 29 U.S.C. § 623(d).[2] Plaintiffs allege that they complained to defendants about their disparate treatment and that defendant Lebewohl did not act to remedy the situation but instead pointed to the front of the restaurant and stated "There's the door!" Compl. ¶¶ 44, 50, 56. The complaint alleges vaguely that defendants discriminated against plaintiffs because they opposed acts unlawful under the ADEA, made charges, and participated in proceedings in support of their ADEA rights. Id. ¶¶ 42-43, 48-49, 54-55. Notably, the complaint fails to identify any specific acts by defendants against Kassner that are alleged to have been taken in retaliation for Kassner's complaints or for her filing of discrimination charges with the EEOC in December 2002. We conclude, therefore, that the complaint fails to state a retaliation claim on behalf of Kassner under the ADEA, the NYSHRL, or the NYCHRL.

We reach the opposite conclusion with respect to certain retaliation claims made on behalf of Reiffe. The complaint

---

[2] The NYSHRL and the NYCHRL contain similar provisions that describe retaliation as an unlawful discriminatory practice. See N.Y. Exec. Law § 296(7); N.Y.C. Admin. Code § 8-107(7).

18

alleges that retaliatory assignments to work stations and work shifts began after Reiffe requested that her union file a grievance on her behalf for the incident in December 2001 when Reiffe was suspended without pay. Id. ¶¶ 18-20. The complaint asserts retaliation claims based on the same alleged changes to Reiffe's work station and work shifts on which it bases its claims of discriminatory assignments, i.e., the changes in Reiffe's work station and work shifts in January 2002 and September 2002. Id. ¶¶ 21-23. As we discussed above, the timely claims of age discrimination based on alleged changes to Reiffe's work station and work shift assignments are sufficient to withstand a motion to dismiss under the standard articulated in Swierkiewicz, 534 U.S. at 512. Whether those alleged changes to work stations and work shifts constitute discrimination, retaliation, or both is to be determined as the litigation progresses. We therefore conclude that the district court erred in dismissing all of Reiffe's claims of retaliation.

In summary, we conclude with respect to Kassner that the district court properly dismissed the claims of alleged discriminatory assignments to work stations and work shifts, erred in dismissing an implied claim of hostile work environment, and properly dismissed all claims of retaliation. We conclude with respect to Reiffe that the district court properly dismissed certain untimely claims of alleged discriminatory assignments to work stations and work shifts but erred in dismissing other such

19

claims that were based on acts alleged to have occurred in January and September of 2002, properly dismissed any implied claim of hostile work environment, and erred in dismissing claims of retaliation based on acts that were alleged to have occurred in January and September of 2002 for which relief was not time-barred.

B.  The District Court Erred In Denying the Motion to Amend the Complaint on the Ground of Futility

We turn next to the district court's denial of plaintiffs' cross-motion to amend their complaint, which we review for abuse of discretion.  Dougherty, 282 F.3d at 87; see Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000).  In doing so, we review de novo any conclusions of law.  Dougherty, 282 F.3d at 87.  Upon de novo review, we conclude that the district court erred in ruling that the proposed amendment to the complaint would have been futile.

Rule 15(a) of the Federal Rules of Civil Procedure provides in the first sentence that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."  Fed. R. Civ. P. 15(a).  The second sentence of Rule 15(a) provides that "[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Id.

At the time that plaintiffs moved to amend their complaint, defendants had not filed an answer.  Defendants' motion to

20

dismiss, because it was a motion, not a pleading, was not a "responsive pleading" within the meaning of Rule 15(a). See Barbara v. New York Stock Exch., Inc., 99 F.3d 49, 56 (2d Cir. 1996). The threshold question, therefore, is whether the district court was required to accept the proposed amended complaint because the plaintiffs were allowed by the first sentence of Rule 15(a) to amend the complaint as a matter of course. We conclude that the district court, because of the effect of Rule 16(b), was not so required.

Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed. See Fed. R. Civ. P. 16(b). Under Rule 16(b), a party may obtain a modification of the scheduling order only "upon a showing of good cause." Id. The record in this case shows that plaintiffs filed their cross-motion to amend the complaint on March 4, 2005, more than one month after February 1, 2005, the date specified in the Rule 16(b) scheduling order as the final date for amendment of the pleadings.

In Parker, we addressed the relationship between the standard imposed by the second sentence of Rule 15(a), i.e., the "freely given when justice so requires" standard, and the "good cause" standard of Rule 16(b). 204 F.3d at 339-40. We held in Parker that a district court, despite the standard of the second sentence of Rule 15(a), does not abuse its discretion in denying

21

leave to amend the pleadings where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in the scheduling order.  Id. We stated with respect to the Rule 16(b) standard, "'good cause' depends on the diligence of the moving party."  Id. at 340 (quoting Fed. R. Civ. P. 16(b)).

However, we have not previously decided whether a party's right to amend a pleading once "as a matter of course," as provided in the first sentence of Rule 15(a), may be qualified by the trial court's general discretion to limit, by means of a scheduling order entered under Rule 16(b), the time during which the pleadings may be amended.  Because the first sentence of Rule 15(a) allows a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served," it may be argued that the rule creates a right to amend pleadings that is not qualified by the district court's discretion to impose time restrictions under Rule 16.  Fed. R. Civ. P. 15(a)(emphasis added).  As we discussed in Parker, Rule 16(b) expressly provides that a scheduling order is to limit the time for amendment of the pleadings and, in so doing, "is designed to offer a measure of certainty in pretrial proceedings"; we cited therein the advisory committee notes to the 1983 amendment to Rule 16, which discussed subsection (b).  Parker, 204 F.3d at 339-40.  Although the Rule 16(b) scheduling order, in the district court's discretion, may impose various time limits for

pre-trial proceedings (including time limits on "any other matters appropriate in the circumstances of the case"), amendment of the pleadings is one of four time limits that the trial court generally must include in a Rule 16(b) scheduling order. Fed. R. Civ. P. 16(b). The advisory committee notes provide that "[i]tem (1) assures that at some point both the parties and the pleadings will be fixed, by setting a time within which joinder of parties shall be completed and the pleadings amended." Fed. R. Civ. P. 16 Advisory Committee Notes, 1983 Amendment (discussing subsection (b)). This objective would be frustrated by an interpretation of the first sentence of Rule 15(a) that precludes a district court from exercising any discretion to specify the time period during which a party may effect the first amendment of its complaint prior to the serving of a responsive pleading. Rule 16(b), in allowing modifications of scheduling orders only for good cause, provides the district courts discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side. For these reasons, we hold that amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b).

In denying the motion to amend the complaint, the district court relied on the second sentence of Rule 15(a), stating that "[l]eave to amend should be freely given when justice dictates," and then, concluding that the proposed amended complaint did not

23

plead facts sufficient to overcome a motion to dismiss, denied that motion on the ground of futility. Mem. Dec. & Order at 5-6; see Fed. R. Civ. P. 15(a). Because the complaint, for the reasons discussed previously, is, with respect to some claims, sufficient to withstand a motion to dismiss under Rule 12(b)(6), the district court's futility analysis rested on an incorrect conclusion of law.

Moreover, the proposed amended complaint would be sufficient as to some claims. We note, for example, that the proposed amended complaint, if accepted, would cure the defective pleading of implied hostile work environment claims pertaining to Reiffe. The proposed amended complaint alleges, inter alia, that defendants began a pattern of harassment constituting a hostile work environment when defendant Lebewohl became the day-to-day manager of 2nd Avenue Delicatessen Inc. Am. Compl. ¶¶ 24, 37. The proposed amended complaint further alleges that defendant Lebewohl aided and encouraged other employees of 2nd Avenue Delicatessen Inc. to harass and degrade Reiffe, as well as Kassner, because of their age in an attempt to force them to quit. Id. ¶ 35. The proposed amended complaint provides additional details on the alleged December 2001 suspension incident (which was not time-barred under the NYSHRL and the NYCHRL), see id. ¶ 52, and alleges that 2nd Avenue Delicatessen Inc.'s "employees/agent repeatedly and continually verbally and physically abused" Reiffe, giving as an example that Reiffe "has been spit on and kicked at by Defendant Deli's employee/agents."

24

_Id._ ¶ 38. The proposed amended complaint states that the employee/agent who allegedly spit on and kicked Reiffe was a co-worker "acting under the direction of management in contributing to the hostile work environment against Ms. Reiffe." _Id._ ¶¶ 52, 53. It further alleges that this co-worker was not disciplined for the kicking and spitting incident, and that instead, it was Reiffe who was suspended and then told by the manager of 2nd Avenue Delicatessen Inc., in response to Reiffe's complaint about the suspension, that "[i]f you don't like it, you can quit. Why don't you quit already." _Id._ ¶ 53.

On remand, the district court must exercise its discretion under Rule 16(b) to determine whether the scheduling order should be modified so as to allow an amended complaint. According to the principles we discussed in _Parker_, 204 F.3d at 339-40, the primary consideration is whether the moving party can demonstrate diligence. It is not, however, the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants. In this regard, we note that counsel for plaintiffs, at the district court's hearing on the motion to dismiss and the cross-motion to amend the complaint, offered to submit a different amended complaint in the event the court considered the submitted proposed amended complaint inadequate. _See_ Mot. Hr'g Tr. 42-43, June 29, 2005. The district court did not explicitly address

counsel's offer.  The district court, as an exercise of its broad discretion concerning the pleadings, may consider whether to allow the already-submitted proposed amended complaint or allow submission of another one.

### III.  CONCLUSION

For the reasons stated, we conclude that the district court properly dismissed Kassner's claims of alleged discriminatory assignments, erred in dismissing her implied claims of hostile work environment, and properly dismissed her claims of retaliation.  With respect to Reiffe, we conclude that the district court properly dismissed the untimely claims of alleged discriminatory assignments but erred in dismissing other such claims that were timely, properly dismissed any implied claim of hostile work environment, and erred in dismissing those of her claims of retaliation for which relief was not time-barred.  We further conclude that the district court erred in not considering whether plaintiffs had demonstrated good cause to amend the complaint after the expiration of the deadline in the scheduling order.  Finally, we decline to award costs or attorneys' fees to plaintiffs-appellants.  The litigation before the district court has not progressed beyond the pleadings stage, and plaintiffs-appellants have yet to prevail upon any of their claims.  An award on plaintiffs-appellants' application therefore would be premature.

The district court's judgment granting defendants' motion to dismiss the complaint and denying plaintiffs' cross-motion to

26

amend the complaint is therefore AFFIRMED IN PART and VACATED IN PART, and this matter is REMANDED to the district court for further proceedings in accordance with this Opinion.

27