SUMMARY ORDER
Plaintiff-appellant, Timothy O. Sonuga, an employee of the Department of Homeland Security (“DHS”) appeals from an August 10, 2007 order of the District Court granting summary judgment to defendantappellee after plaintiff brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., alleging that he was not promoted in retaliation for his invocation of DHS’s Equal Employment Opportunity process. On appeal, plaintiff contends that the District Court erred in (1) granting defendant’s motion because the Court failed to correctly draw all inferences in his favor, and (2) in failing to reopen discovery to permit him to take an additional deposition. We assume parties’ familiarity with the facts and procedural history of this case.
We review a district court’s grant of summary judgment de novo, construing the record in the light most favorable to the non-moving party. See, e.g., Hoyt v. *902 Andreucci, 433 F.3d 320, 327 (2d Cir.2006). “An order granting summary judgment will be affirmed only when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law.” Riegel v. Medtronic, Inc., 451 F.3d 104, 108 (2d Cir.2006) (citing Fed.R.CivP. 56(c)). In order to demonstrate a genuine issue of a material fact, “the nonmoving party may not rely on conclusory allegations or unsubstantiated speculation,” but must instead “present ‘specific facts showing that there is a genuine issue for trial.’ ” Major League Baseball Properties, Inc. v. Salvino, Inc., 542 F.3d 290, 306 (2d Cir. 2008) (quoting Fed.R.CivP. 56(e)) (some internal quotation marks omitted) (alterations omitted).
We review the District Court’s denial of a request to reopen discovery for abuse of discretion. In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir.2003).
For substantially the reasons stated by the District Court in the August 9, 2007 proceeding at which it announced its decision, Joint Appx., at 495-515 (Trans, of proceedings dated Aug. 9, 2007), we hold that the Court’s grant of summary judgment was appropriate in this case. Assuming, for the sake of argument, that plaintiff made out a prima facie case for retaliation under Title VII, he failed to present evidence from which a jury could conclude that the defendant’s proffered, non-discriminatory explanation for its decision not to promote plaintiff was in fact a pretext for unlawful retaliation. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (“Although intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against plaintiff remains at all times with the plaintiff.” (internal quotation marks omitted) (alternation omitted)).
Further, we find that the District Court did not abuse its discretion in denying plaintiffs request to take an additional deposition and to continue another, as plaintiff failed to show good cause for modifying the scheduling order in this case. See Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 243 (2d Cir.2007) (“Under Rule 16(b), a party may obtain a modification of the scheduling order only ‘upon a showing of good cause.’”) (quoting Fed.R.CivP. 16(b)).
Accordingly, the August 10, 2007 order of the District Court is AFFIRMED.