James A. GHENT, Jr., Plaintiff–Appellant,

v.

Joseph B. MOORE, Joyce E. Elliott, Robert P. Milton, Robert W. Gerulat, and State University of New York,[1] Defendants–Appellees.

No. 07–4989–cv.

United States Court of Appeals, Second Circuit.

April 28, 2009.

David Rothenberg, Geiger and Rothenberg, LLP, Rochester, N.Y., for Plaintiff–Appellant.

Denise A. Hartman, Assistant Solicitor General (Barbara Underwood, Solicitor General, and Andrea Oser, Deputy Solici-

---

1. Although still in the case caption, the State University of New York was dismissed below on sovereign immunity grounds.

tor General, on the brief) for Andrew Cuomo, Attorney General of the State of New York, Albany, N.Y., for Defendants–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. PAUL A. CROTTY, District Judge.[2]

## SUMMARY ORDER

Plaintiff appeals from the order of the United States District Court for the Western District of New York (Larimer, *J.*), granting summary judgment to Defendants. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

We review the District Court's grant of summary judgment *de novo, Holcomb v. Iona College,* 521 F.3d 130 (2d Cir.2008), applying the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Fisher v. Vassar Coll.,* 114 F.3d 1332, 1335–36 (2d Cir.1997) (*en banc* ). According to this approach, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817. If the plaintiff does so, the burden shifts to the defendant to articulate "some legitimate, nondiscriminatory reason" for its action. *Id.* If such a reason is provided, the plaintiff may no longer rely on the presumption raised by the prima facie case but may still prevail by showing, without the benefit of the presumption, that a reasonable jury could conclude that the employer's determination was in fact the result of discrimination. *Holcomb,* 521 F.3d at 141. "The ultimate burden of persuading the trier of

fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). This framework applies to all three of the discrimination claims in the case before us. *See Ferraro v. Kellwood Co.,* 440 F.3d 96, 99–100 (2d Cir.2006); *Back v. Hastings on Hudson Union Free Sch. Dist.,* 365 F.3d 107, 123 (2d Cir.2004); *Lizardo v. Denny's Inc.,* 270 F.3d 94, 103 (2d Cir.2001).

■ Under the burden-shifting framework, there is enough to show a prima facie case of discrimination for the purposes of summary judgement because Plaintiff is a member of a protected class and suffered an adverse employment action. Although Plaintiff was not technically demoted, the relevant inquiry is whether there was a "materially adverse change" in his job conditions, *Kassner v. 2nd Ave. Delicatessen, Inc.,* 496 F.3d 229, 238 (2d Cir.2007), that "constitute[s] a setback to the plaintiff's career," *Galabya v. New York City Bd. of Educ.,* 202 F.3d 636, 641 (2d Cir.2000). In light of Plaintiff's focus and career path, a shift from mentoring to marketing constituted such an adverse employment action. *See Rodriguez v. Bd. of Educ. of Eastchester Union Free Sch. Dist.,* 620 F.2d 362, 366 (2d Cir.1980).

■ We hold, however, that Defendants have offered sufficient, nondiscriminatory, and nonpretextual reasons for this adverse employment action. There is extensive evidence in the record suggesting that Plaintiff was not performing well in his role as a mentor, and virtually no evidence that this was merely a pretextual excuse. Defendants offered to continue employing Plaintiff as a teacher and as well as giving him

---

2. The Honorable Paul A. Crotty, United States District Court for the Southern District of New York, sitting by designation.

new marketing responsibilities. And while it is possible to dispute whether various pieces of evidence about Plaintiff's performance as a mentor really justified taking away his mentoring responsibilities, to do so would require a court to "sit as a super-personnel department" to reexamine whether an employee's performance was really deficient, something that we have stated courts should not do. *See Stern v. Trustees of Columbia Univ. in City of New York,* 131 F.3d 305, 315 (2d Cir.1997).

Additionally, even if we were assume, arguendo, that explanations provided by Defendants could be found by a jury to be pretextual, we do not find sufficient evidence of discrimination to allow the case to survive summary judgment. *See James v. New York Racing Ass'n,* 233 F.3d 149, 156 (2d Cir.2000) (noting that "prima facie case, combined with falsity of the employer's explanation, will not [always] be sufficient" to reach a jury); *Vassar Coll.,* 114 F.3d at 1333 ("[E]vidence constituting a prima facie case prior to the employer's proffer of a reason, coupled with the error or falsity of the employer's proffered reason, may—or may not—be sufficient to show illegal discrimination").

We have reviewed all of Appellant's claims and find them meritless. Accordingly, the judgment of the District Court is AFFIRMED.