**Dorcas WHITE, Plaintiff–Appellant,**

v.

**CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES,**
Defendant–Appellee.*

No. 08–2042–cv.

United States Court of Appeals,
Second Circuit.

May 15, 2009.

---

* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties above.

Josephine S. Miller, Danbury, CT, for Plaintiff–Appellant.

Antoria D. Howard, Assistant Attorney General (Richard Blumenthal, Attorney General, on the brief) Office of the Attorney General, Hartford, CT, for Defendant–Appellee.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiff Dorcas White appeals from a March 31, 2008 judgment entered in the District Court, granting summary judgment in favor of defendant the Connecticut Department of Children and Families ("defendant" or "CDCF"), on White's claims of racial discrimination in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Connecticut Fair Employment Practices Act, Conn. Gen.Stat. § 46a–60 *et seq.* ("CFEPA") as well as retaliation for exercising her rights under the Connecticut Workers' Compensation Act, Conn. Gen. Stat. § 31–275 *et seq. See White v. Conn. Dep't. of Children and Families,* 544 F.Supp.2d 112 (D.Conn.2008). On appeal, White principally argues that the District Court erred in (1) denying her August 2007 motion to amend her complaint, seeking to add eleven new counts; (2) finding that she had failed to make out a *prima facie* case of race discrimination in violation of Title VII and CFEPA; and (3) finding that she had failed to prove that defendant discriminated and retaliated against her in violation of the Connecticut Workers' Compensation Act. We assume the parties' familiarity with the factual and procedural history of the case.

Beginning with plaintiff's argument that the District Court erred in denying her motion to amend her complaint, we note that we review the denial of a motion to amend a complaint for abuse of discretion. *See Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 242 (2d Cir.2007). Federal Rule of Civil Procedure 15(a) states that a district court "should freely give leave" to amend a plaintiff's complaint "when justice so requires," although Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."

■ In the instant case, the District Court had entered a scheduling order on April 16, 2007, which set July 15, 2007 as the deadline for the filing of dispositive motions. The District Court noted that no

extensions would be granted. Plaintiff did not file her motion for leave to amend the complaint until August 31, 2007—approximately six weeks after the deadline to file dispositive motions had passed. Moreover, plaintiff sought to include eleven new counts, which included additional theories of liability. We agree with the District Court in its Order of November 30, 2007, that the amended complaint would have been "particularly prejudicial to the defendant." Appellant's App. at 2. Accordingly, we conclude that the District Court did not err, much less abuse its discretion, in denying plaintiff's motion to amend the complaint.

Turning to plaintiff's argument that the District Court erred in granting defendant's motion for summary judgment, we note that we review *de novo* an order granting summary judgment. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). Summary judgment is appropriate only if "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In evaluating a motion for summary judgment in a Title VII case, a court must assess whether a plaintiff has established a *prima facie* case of discrimination, by demonstrating that: (1) she is a member of a protected class; (2) she performed the job satisfactorily; (3) an adverse employment action took place; and (4) the action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the plaintiff is able to demonstrate all four elements, "the burden shifts to the defendant employer to provide a legitimate, non-discriminatory reason for the action." *Demoret v. Zegarelli,* 451 F.3d 140, 151 (2d Cir.2006). Then, "[i]f the defendant makes such a showing, the burden shifts back to the plaintiff to

prove discrimination, for example, by showing that the employer's proffered reason is pretextual." *Id.* The same analysis is used when evaluating a claim under CFEPA. *See Levy v. Comm'n on Human Rights & Opportunities,* 236 Conn. 96, 103–09, 671 A.2d 349 (1996).

■ Upon a review of the record, we conclude, substantially for the reasons given by the District Court in its careful ruling on defendant's motion for summary judgment, that plaintiff failed to demonstrate the second and fourth elements necessary to establish a *prima facie* case. *See White,* 544 F.Supp.2d at 118. Specifically, plaintiff failed to demonstrate that she was qualified for the position of Social Worker, in light of the fact that she could no longer lift anything over ten pounds, and that physical transportation of children—many of whom are over ten pounds—was an essential function of being a Social Worker. Additionally, plaintiff failed to demonstrate that the adverse employment action occurred under circumstances that give rise to an inference of discrimination. Accordingly, we conclude that defendant's motion for summary judgment on plaintiff's Title VII and CFEPA claims was properly granted.

■ Finally, we consider plaintiff's argument that the District Court erred in finding that she had failed to prove that defendant discriminated and retaliated against her in violation of the Connecticut Workers' Compensation Act, Conn. Gen. Stat. § 31–275 *et seq.* The Supreme Court of Connecticut has applied the burden-shifting analysis of *McDonnell Douglas* to claims brought pursuant to this statute. *See Ford v. Blue Cross & Blue Shield of Conn., Inc.,* 216 Conn. 40, 53, 578 A.2d 1054 (1990).

Even assuming *arguendo* that plaintiff had made out a *prima facie* case of Work-

ers' Compensation discrimination and/or retaliation, we agree with the District Court that "plaintiff has failed to create a genuine issue of material fact as to whether the defendant's explanation of why she could no longer perform as a Social Worker was pretextual." *See White,* 544 F.Supp.2d at 119. Accordingly, we conclude that defendant's motion for summary judgment on plaintiff's claim pursuant to Connecticut Workers' Compensation Act was properly granted.

## CONCLUSION

We reject all of plaintiff's arguments on appeal. Accordingly, the judgment of the District Court is **AFFIRMED.**