17-0568-cv
*Pfizenmayer v. Hicksville Public Schools, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand seventeen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*.

---

SUSAN PFIZENMAYER,

> *Plaintiff-Appellant*,

v.                                                           No. 17-0568-cv

HICKSVILLE PUBLIC SCHOOLS, LEE AVENUE SCHOOL, STEPHANIE STAM, SUPERINTENDENT MAUREEN BRIGHT, SUSAN GUILIANO,[*]

> *Defendants-Appellees*.

---

---
[*] The Clerk of Court is directed to amend the case caption as set forth above.

1

For Plaintiff-Appellant:                      Bruce Connolly, Raiser & Kenniff, P.C., Mineola, NY.

For Defendants-Appellees:              Steven C. Stern, Sokoloff Stern LLP, Carle Place, NY.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Susan Pfizenmayer appeals the judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), dismissing her age discrimination complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the facts and procedural history of this case, as well as the issues on appeal. We review a district court's dismissal of a complaint under Rule 12(b)(6) *de novo*, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

First, Pfizenmayer argues that the district court erred in dismissing her claim of discrimination under the Age Discrimination in Employment Act ("ADEA"). A plaintiff asserting an employment discrimination claim under the ADEA must plausibly allege that her employer took adverse action against her and that her age was the "but-for" cause of the adverse action. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86–87 (2d Cir. 2015). "A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment. To be 'materially adverse' a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job

2

responsibilities.'" *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) (quoting *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000)). Here, the district court correctly determined that the conduct described in Pfizenmayer's complaint either could not form the basis for a timely claim or did not rise to the level of an adverse employment action. Further, Pfizenmayer has not plausibly alleged, for the purposes of a constructive discharge claim, that the defendants discriminated against her "to the point such that [her] 'working conditions bec[a]me so intolerable that a reasonable person in [her] position would have felt compelled to resign.'" *Green v. Brennan*, 136 S. Ct. 1769, 1776 (2016) (quoting *Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004)).

Second, Pfizenmayer contends that the district court erred in dismissing her ADEA hostile work environment claim. "An actionable discrimination claim based on hostile work environment under the ADEA is one for which 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment . . . .'" *Kassner*, 496 F.3d at 240 (quoting *Brennan v. Metro. Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999)). Here, though certain aspects of Pfizenmayer's claimed treatment are troubling, Pfizenmayer has not plausibly alleged that her "workplace [was] permeated with discriminatory intimidation, ridicule, and insult" of a kind that "alter[ed] the conditions of [her] employment." *Id.* (quoting *Brennan*, 192 F.3d at 318).

Third, Pfizenmayer argues that the district court erred in dismissing her ADEA retaliation claim. However, Pfizenmayer has not plausibly alleged that she engaged in any protected activity of which the defendants were aware. *See Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 205–06 (2d Cir. 2006). "[I]mplicit in the requirement that the employer have been

3

aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by" the ADEA. *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998). Pfizenmayer did not plausibly allege that the defendants understood, or could reasonably have understood, that her objections to their actions constituted a challenge to age discrimination.

We have considered all of the parties' remaining arguments and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4