25-494-cv
*Welch v. Bio-Reference Lab'ys, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-six.

PRESENT:
>  **DEBRA ANN LIVINGSTON,**
>  *Chief Judge,*
>  **ROBERT D. SACK,**
>  **RAYMOND J. LOHIER, JR.,**
>  *Circuit Judges.*

_____

Ernestine Welch,

>  *Plaintiff-Appellant,*

>  v.                                        25-494

Bio-Reference Laboratories, Inc.,

>  *Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Ernestine Welch, *pro se*, Hudson, NY. |
| **FOR DEFENDANT-APPELLEE:** | William R. Horwitz, Faegre Drinker Biddle & Reath LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ernestine Welch, *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York, dismissing her action for lack of subject matter jurisdiction, or alternatively, for failure to state a claim. In 2019, Welch sued her former employer, Bio-Reference Laboratories, for employment discrimination. The parties settled. Welch moved to set aside the settlement, arguing that Bio-Reference had withheld an incorrect percentage of taxes. The district court denied the motion, and this Court affirmed. *Welch v. Bio-Reference Lab'ys, Inc.*, No. 21-1447, 2023 WL 1978857, at *1 (2d Cir. Feb. 14, 2023) (summary order).

In 2023, Welch commenced this new action against Bio-Reference Laboratories, seeking damages from the withholding. The district court sua sponte dismissed Welch's Second Amended Complaint for lack of subject matter jurisdiction because she failed to allege over $75,000 in damages, and, alternatively, because she failed to state a state law claim for discrimination, fraud, or defamation. *Welch v. Bio-Reference Lab'ys, Inc.*, No. 23-cv-664, 2025 WL 568041, at *2–4 (N.D.N.Y. Feb. 21, 2025). Welch appealed.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we set forth in this summary order only as necessary to explain our decision to **AFFIRM**.

* * *

2

We review de novo the sua sponte dismissal of a complaint for lack of subject matter jurisdiction. *See Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir. 2001). We also "review *de novo* a district court's dismissal of complaints under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Because Welch "has been *pro se* throughout, h[er] pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

The district court erred by dismissing Welch's Second Amended Complaint for lack of subject matter jurisdiction. While Welch's Second Amended Complaint reasserts some claims that were expressly resolved as part of the settlement, it also asserts additional claims for racial discrimination, fraud, and defamation. *See* App'x 177. Whether these additional claims are time barred or barred by the settlement agreement relates to the merits and whether Welch has stated a claim for relief rather than the court's jurisdiction. *See Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 107 (2d Cir. 2018) ("Most time bars are nonjurisdictional . . . ."). *See generally Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006) (discussing the "the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy").

Nevertheless, we agree with the district court that Welch failed to state a claim. First, Welch's federal discrimination claims were barred by the settlement and voluntary dismissal with prejudice of her prior lawsuit against Bio-Reference, which asserted the same federal discrimination claims. *See Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995) ("A voluntary dismissal with prejudice is an adjudication on the merits for purposes of *res judicata*."); *see also Greenberg v. Bd. of Governors*, 968 F.2d 164, 168 (2d Cir. 1992) ("The preclusive effect of a settlement is measured by the intent of the parties to the settlement.").

3

Second, even assuming that Welch's New York State Human Rights Law ("NYSHRL") discrimination claim was not also barred by the settlement agreement, the claim was time-barred. A district court may sua sponte dismiss on timeliness grounds "in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff [her]self submitted." *Walters v. Indus. & Comm. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (internation quotation marks omitted). Claims under the NYSHRL are generally subject to a three-year statute of limitations. *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007). Because Welch filed this action on June 5, 2023, any claims occurring before June 5, 2020 were barred. The discrimination and retaliation Welch complained of occurred in 2018, well before 2020. On appeal, Welch asserts that she was entitled to equitable tolling, but the district court soundly concluded that equitable tolling was not warranted.

Third, Welch failed to state a fraud claim. "To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Inc. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402 (2d Cir. 2015). Welch argues that she sufficiently alleged fraud based on Bio-Reference's classification of the settlement as severance pay. But she did not allege any fact showing how this classification was a misrepresentation or omission of fact. As this Court previously concluded, "there is no basis in the record for us to conclude that Bio-Reference was even aware of her classification preference or had any motive to wrongfully withhold amounts that would be remitted to the tax authorities." *Welch*, 2023 WL 1978857, at * 2.

4

Finally, Welch also failed to state a defamation claim. "Under New York law a defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). Welch argues, as she did with respect to her fraud claim, that she sufficiently alleged defamation based on Bio-Reference's classification of the settlement payment as severance pay. However, Welch failed to identify what statement by Bio-Reference was purportedly false. Again, as this Court previously concluded, Welch "was warned that tax would be withheld from the settlement payment," and "Bio-Reference fulfilled its obligations under the terms of the agreement." *Welch*, 2023 WL 1978857, at * 2.

We have considered Welch's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.[1]

                                          FOR THE COURT:
                                          Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We deny as moot Welch's pending motion for relief.