09-4569-cv
Rosinski v. American Axle & Mfg., Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 31ˢᵗ day of August, two thousand ten.

Present:
 ROBERT A. KATZMANN,
 PETER W. HALL,
 DENNY CHIN,
  *Circuit Judges*

_____

BARBARA ROSINSKI,

  *Plaintiff-Appellant*,

  v.                                          No. 09-4569-cv

AMERICAN AXLE & MFG., INC., TONAWANDA FORGE DIVISION,

  *Defendant-Appellee*.

_____

For Plaintiff-Appellant:         LINDY KORN (Charles L. Miller, II, *on the brief*),
                                 Law Offices of Lindy Korn, Buffalo, NY

For Defendant-Appellee:          ELIZABETH M. BERGEN, Gibson, McAskill &
                                 Crosby, LLP, Buffalo, NY

Appeal from the United States District Court for the Western District of New York (Curtin, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-appellant Barbara Rosinski appeals from a judgment entered October 1, 2009 (Curtin, *J.*) granting defendant-appellant American Axle & Manufacturing, Inc.'s ("American Axle's") motion for summary judgment and dismissing Rosinski's employment discrimination and retaliation claims. Rosinski brings claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging that American Axle discriminated against her on the basis of her gender and disability by passing her over for promotions, terminating her, and creating a hostile work environment. She further alleges that American Axle retaliated against her for complaining about the hostile work environment by terminating her. We assume the parties' familiarity with the facts and procedural history of this case.

Rosinski's Title VII discrimination and retaliation claims are analyzed using the burden-shifting paradigm articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996) (applying *McDonnell Douglas* to retaliation claims). Under this analysis, the plaintiff first bears the burden of setting out a *prima facie* case of discrimination or retaliation. *See McDonnell Douglas*, 411 U.S. at 802. If the plaintiff demonstrates a *prima facie* case, that gives rise to a presumption of unlawful discrimination or retaliation, and the burden of production shifts to the defendant, who is required to offer a legitimate, nondiscriminatory rationale for its actions. *See id.* at 802-03. If the defendant offers such a rationale, the

presumption of unlawful discrimination drops out and the burden shifts back to the plaintiff, at which point "[i]n order to defeat summary judgment . . . , the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination [or retaliation]." *Stern v. Trustees of Columbia Univ. in the City of N.Y.*, 131 F.3d 305, 312 (2d Cir. 1997).

We first address Rosinski's discrimination claims under Title VII. We need not determine whether Rosinski has put forward a *prima facie* case of discrimination because American Axle has put forth legitimate, non-discriminatory rationales for each of the challenged actions, and Rosinski has not countered them with sufficient evidence of pretext. With respect to Rosinski's having been passed over for a promotion, American Axle asserts that the male employee who was promoted had supervisory experience that Rosinski lacked. And with respect to Rosinski's termination, American Axle explains that after business conditions deteriorated significantly, Rosinski was laid off through a reduction in force.

In each case, Rosinski fails to demonstrate circumstances that would be sufficient to permit a rational finder of fact to infer that American Axle's decision was more likely than not based on discrimination. The only evidence of pretext that Rosinski puts forward regarding her failure to promote claim is that she was told that if she left to pursue a master's degree, her job might not be safe. She has not put forth any evidence that the male employee who was promoted instead of her was less qualified. Regarding American Axle's decision to terminate her employment, Rosinski alleges that a male employee who was retained was on a "Personal Improvement Plan." This is insufficient to demonstrate that this male employee was less qualified than Rosinski, and moreover Rosinski does not point to any evidence that she and the

male employee were similarly situated.  *See Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) ("A plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself.") (internal quotation marks omitted).  We note too that upon her termination, Rosinski's responsibilities were taken over by another woman.

Rosinski also alleges that she was discriminated against by being subject to a hostile work environment.  To make out a hostile work environment claim, Rosinski must produce evidence from which a trier of fact could conclude that her "workplace [was] permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.'"  *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citation omitted).  "[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances."  *Id*. at 23. Rosinski's evidence in this case does not rise to the level this Court requires to show a hostile work environment.  Most of her allegations surround her exclusion from a celebration of the successful completion of a Y2K-related project and the fact that her commemorative plaque was not personalized.  These events are too insignificant to support a hostile work environment claim. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 240 (2d Cir. 2007) ("Minor incidents do not merit relief.").  Rosinski puts forth just a few examples of inappropriate behavior by co-workers during meetings in the 1990s, behavior that was addressed by American Axle.  Thus, even if her evidence did rise to the level of a hostile work environment, it cannot be imputed to American Axle.  *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 223 (2d Cir. 2005).

Rosinski's retaliation claim likewise fails.  To establish a *prima facie* case of Title VII retaliation, a plaintiff must show (1) "participation in a protected activity known to the

-4-

defendant," (2) "an employment action disadvantaging the plaintiff," and (3) "a causal connection between the protected activity and the adverse employment action." *Richardson v. Comm'n on Human Rights & Opportunities*, 532 F.3d 114, 123 (2d Cir. 2008). Rosinski alleges that she was terminated because she complained about a hostile work environment. She fails, however, to demonstrate a causal connection between her complaints and her termination. It strains credulity to think that Rosinski's complaints about the behavior of her co-workers in the 1990s, a complaint that American Axle addressed, led to her termination in 2004, especially because she was promoted in the interim. Moreover, as discussed above, American Axle has put forth a legitimate, non-discriminatory rationale for Rosinski's termination, and Rosinski has not put forth evidence of pretext sufficient to permit a rational finder of fact to infer that her termination was more likely than not based on retaliation for her complaints.

Finally, Rosinski's claims under the ADA fail because she does not provide any evidence that any of the adverse actions taken against her had anything to do with any disability she may have had or have been perceived to have. The only thing Rosinski points to is American Axle's statement that while Rosinski was out for medical leave, two other women covered her responsibilities and when she returned they continued doing this work. This evidence is undercut, however, by the fact that Rosinski was promoted after her return such that she supervised four people.

We have reviewed Rosinski's remaining arguments and conclude that they lack merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-5-