10-1065-cv
*Gorham-DiMaggio v. Countrywide Home Loans, Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of May, two thousand eleven.

PRESENT:    ROBERT D. SACK,
            DEBRA ANN LIVINGSTON*,*
            GERARD E. LYNCH,
                     *Circuit Judges.*

_____

KIM GORHAM-DiMAGGIO,
            *Plaintiff-Appellant*,

 -v.-                                                    No. 10-1065-cv

COUNTRYWIDE HOME LOANS, INC;
COUNTRYWIDE HOME LOANS, INC, LP;
COUNTRYWIDE HOME LOANS SERVICING, LP;
and COUNTRYWIDE FINANCIAL CORP.,
            *Defendants-Appellees*,

_____

                    ROBERT M. COHEN, Ballston Lake, New York, *for Plaintiff-Appellant.*

                    KENNETH C. RUDD (Steven Rand *on the brief*), Zeichner Ellman & Krause LLP, New York, New York, *for Defendants-Appellees*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant Kim Gorham-DiMaggio appeals from a grant of summary judgment in favor of defendants-appellants Countrywide Home Loans, Inc., Countrywide Home Loans, Inc., LP, Countrywide Home Loans Servicing, LP, and Countrywide Financial Corp., and judgment entered on March 8, 2010. On appeal, she also challenges the district court's prior dismissal of all but one of her claims and its denial of her motion for leave to file a second amended complaint. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those issues only as necessary to facilitate this discussion.

## I.     BACKGROUND

This action arises from a home mortgage issued by defendant Countrywide Financial Corp. and maintained by its affiliates, co-defendants Countrywide Home Loans, Inc., Countrywide Home Loans, Inc., LP, and Countrywide Home Loans Servicing LP (collectively, "Countrywide" or "defendants"). Through prior litigation, the parties reached a settlement agreement whereby the loan was to be paid off at a fixed rate. Gorham-DiMaggio then defaulted on the loan in the spring of 2007 as part of a series of events giving rise to this litigation. After making several attempts to contact defendants directly to resolve the default, in January 2008, plaintiff—who is legally blind—commenced the instant action raising claims pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-19, Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691f, and Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-17, as well as New York State law.

2

On December 17, 2008, the district court (Lawrence E. Kahn, *J.*), granted defendants' motion to dismiss the complaint with respect to all but one of Gorham-DiMaggio's claims. Gorham-DiMaggio then sought leave to file a second amended complaint which was denied. Discovery ensued and the parties cross-moved for summary judgment on the sole remaining claim—a RESPA claim alleging that defendants had failed to adequately acknowledge and reply to a "qualified written request" for relief or information ("QWR") in accordance with statutory requirements—and, on March 8, 2010, the district court granted summary judgment for defendants and entered judgment in their favor. This appeal ensued.

## II.   DISCUSSION

On appeal, Gorham-DiMaggio principally challenges (1) the dismissal of all but one of her claims; (2) the failure to allow her to file a second amended complaint; and (3) the grant of summary judgment in defendants' favor on the sole remaining claim.

### A.     The Motion to Dismiss

We review dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In so doing, we evaluate whether the complaint's allegations are sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009). To state a plausible claim to relief, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

After *de novo* review of the record, we are unable to discern any error in the district court's dismissing all but one of plaintiff's claims. In particular, we find no error in the district court's conclusion that plaintiff failed to plead adequately the elements of either an FHA or ECOA claim because in each case she failed to plead sufficiently actionable discriminatory conduct. Specifically, with regard to the FHA claims, Gorham-DiMaggio failed to plausibly allege that she was treated differently than non-disabled debtors, *see Catanzaro v. Weiden*, 188 F.3d 56, 65 (2d Cir. 1999) ("To make out an FHA claim, Plaintiffs must allege an action which has a discriminatory effect . . . ." ) (internal citation omitted), and, with respect to her ECOA claims, she failed to plausibly allege that defendants treated her any differently than other "applicants" *because of* her "good faith exercise[] [of] any right under [the Consumer Credit Protection Act.]"[1] 15 U.S.C. § 1691(a)(3).

Nor do we disagree with the lower court's finding that plaintiff could not state a RESPA claim based on her husband's e-mail to defendants' outside counsel as that e-mail could not and did not constitute a QWR. *See* 12 U.S.C. § 2605(e)(1)(B)(i)-(ii) (defining "qualified written request" as a written correspondence directed to the servicer that "includes, or otherwise enables the servicer to identify, the name and account of the borrower" and "provides sufficient detail to the servicer

---

[1] The district court also concluded that plaintiff's ECOA claims failed because she was not an "applicant" within the meaning of the statute. On appeal, Gorham-DiMaggio challenges that finding, contending that the district court failed to consider an implementing regulation adopted by the Federal Reserve Board which she contends defines that term broadly. As a preliminary matter, the argument was not raised below and accordingly need not be considered on appeal. *See In re Nortel Networks Corp Securities Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)). Moreover, because we find plaintiff's complaint deficient in the manner set forth above, we need not and do not address whether she constitutes an "applicant" within the meaning of the statute in affirming the judgment below.

regarding . . . information sought by the borrower"). Finally, we detect no error in the district court's conclusion that none of plaintiff's state law claims stated a plausible claim to relief, and plaintiff advances no serious argument to the contrary on appeal.

Accordingly, we affirm the district court's December 17, 2008, order of dismissal in all respects.

B.      Leave to Amend

Gorham-DiMaggio next contends that Magistrate Judge Treece, to whom the case had been referred for general pretrial purposes, erred in denying her leave to amend. We review a district court's denial of leave to amend for "abuse of discretion," although we review any legal conclusions relevant to that decision *de novo*. *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 242 (2d Cir. 2007). While leave to amend pursuant to Fed. R. Civ. P. 15 should be "freely given when justice so requires," we have long made clear that a district court properly denies such a motion where it finds "[u]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (internal quotations omitted, second alteration in original).

Magistrate Judge Treece determined that the proposed amendments consisted of (1) word-for-word reiterations of pleadings already dismissed by the district court, and (2) several new causes of action each of which failed to state a claim as a matter of law. Accordingly, he concluded that the amendment would be "futile." On appeal, Gorham-DiMaggio does not dispute the magistrate judge's findings in this regard. Instead, she contends that the magistrate judge, rather than denying

5

leave to amend on these grounds, should instead have "provide[d] instructions" on how to replead properly. Appellant's Br. at 26. Gorham-DiMaggio identifies no authority for the proposition that a court has an obligation to provide instructions to a *counseled* litigant on how to properly plead a cause of action, nor are we aware of any. Accordingly, we reject this claim as meritless as well.

C.      Summary Judgment

Finally, Gorham-DiMaggio challenges the denial of her motion for summary judgment and the grant of defendants' motion for the same relief with respect to her one remaining RESPA claim. We review a district court's grant or denial of a summary judgment motion *de novo*, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *See Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 427 (2d Cir. 2009); *Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007). Summary judgment is warranted only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009). "A fact is material when it might affect the outcome of the suit under governing law." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted).

The sole claim disposed of at the summary judgment stage arose under the provision of RESPA that requires servicers of certain mortgages, upon receipt of a "qualified written request," to "provide a written response acknowledging receipt of the correspondence within 20 days," 12 U.S.C. § 2605(e)(1)(A). The district court concluded that, to the extent Gorham-DiMaggio had submitted a QWR, defendants met their statutory obligations by acknowledging receipt of that QWR

6

with two form letters, both sent to plaintiff within the 20-day window. We see no reason to disturb that finding. In particular, plaintiff's contention on appeal that she did not receive either letter is itself insufficient to create an issue of material fact as to whether those letters were actually sent in light of the extensive, direct evidence produced by defendants below with respect to those letters. *See Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d Cir. 1999) (unsupported, conclusory statement or affidavit are "insufficient to defeat a properly supported motion for summary judgment"); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citation omitted).

Alternatively, plaintiff contends the district court erred in granting summary judgment because it failed to "recognize the significant issue of spoliation." Appellant's Br. at 30. Specifically, plaintiff argues that her letter submitted to defendants on June 15, 2007, which was damaged at some point thereafter, had been purposefully mutilated by defendants, and, thus the district court should have drawn an adverse inference against defendants with respect to that document. The claim fails, however, because even if the district court had drawn precisely the adverse inference Gorham-DiMaggio seeks here—that is, even if the district court did assume that the letter, which had been rendered largely illegible as a result of the "mutilation," contained sufficient information to qualify as a QWR—summary judgment would still have been appropriate, because there is no material factual dispute that the defendants did acknowledge that letter. We thus reject this claim as meritless as well.

To the extent Gorham-DiMaggio raises other arguments on appeal, we have considered those

arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment

of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk