**iMEDICOR, INC., Plaintiff,**

v.

**ACCESS PHARMACEUTICALS, INC., Defendant.**

**No. 11 CV 2733 (VB).**

United States District Court, S.D. New York.

April 29, 2013.

Haskell Rosenfeld, Haskell Rosenfeld Esq., Monsey, NY, for Plaintiff.

Dina Rivka Kaufman, Bingham McCutchen LLP, New York, NY, Charles Lorin Solomont, Bingham, McCutchen, L.L.P., Boston, MA, for Defendant.

### *MEMORANDUM DECISION*

BRICCETTI, District Judge:

Plaintiff iMedicor, Inc., commenced this action on March 28, 2011, in Supreme Court, Rockland County, asserting claims for breach of contract. On April 21, 2011, defendant timely removed the action to this Court The Court is in receipt of letters from plaintiff's counsel dated March 7, 2013, and April 12, 2013, which the Court deems as a motion for leave to file an amended complaint.

For the following reasons, the motion is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### BACKGROUND

#### I. *Allegations of the Complaint*

For purposes of deciding the pending motion, the Court accepts all well-pleaded factual allegations in the complaint as true.

The parties entered into an agreement for the provision of certain marketing services for defendant's product MUGARD. Under the contract, plaintiff was to be paid $68,000 for the marketing services plus a success bonus of up to five percent of revenues generated by plaintiff's marketing of the product.

Plaintiff alleges it fulfilled its obligations under the agreement but never received any payment.

#### II. *Procedural History*

Plaintiff commenced this action through his former attorney, Brian M. Rattner. On February 2, 2012, the Court referred this action to a magistrate judge for settlement discussions. On April, 3, 2012, Mr. Rattner was disbarred. Plaintiff promptly retained new counsel, Haskell Rosenfeld, Esq., who filed his notice of appearance on May 31, 2012. Mr. Haskell proceeded to represent plaintiff in the settlement conferences.

The deadline for the completion of discovery was September 28, 2012.

Settlement discussions collapsed on March 6, 2013, after which defendant advised the Court that it intended to move for summary judgment. Plaintiff responded on March 7, 2013, requesting permission to amend the complaint to add claims for quantum meruit, promissory estoppel, account stated, and tor-

tious interference with contract before defendant moved for summary judgment.

At a pre-motion status conference on March 29, 2013, the Court requested additional letter submissions from counsel with respect to plaintiff's application. In plaintiff's supplemental submission, plaintiff withdrew its request to bring a tortious interference with contract claim.

## DISCUSSION

### I. *Legal Standard*

■ Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." A district court may deny leave for "good reason" such as futility, bad faith, undue delay, or undue prejudice to the opposing party, but "outright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir.2007). Delay alone does not provide a basis for denying leave to amend; however, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993) (quotations omitted).

■ The deadline for filing an amended complaint under the revised civil case discovery plan and scheduling order (Doc. # 14) was November 4, 2011. Therefore, regardless of whether Rule 15(a) is satisfied, plaintiff must demonstrate good cause for modifying the scheduling order under Rule 16(b). *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir.2007) ("[W]e hold that amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b).").

"[A] finding of 'good cause' depends on the diligence of the moving party," *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir.2009) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000)), meaning that "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F.Supp.2d 453, 457 (S.D.N.Y.2012) (citation omitted). "[T]he good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F.Supp.2d 527, 536 (E.D.N.Y.2010) (quotations omitted).

### II. *Analysis*

The Court finds plaintiff failed to demonstrate good cause under Rule 16(b) to modify the scheduling order. Further, permitting plaintiff to amend the complaint would cause undue delay and would unduly prejudice defendant.

### A. *Good Cause*

■ Plaintiff failed to demonstrate that it was diligent in trying to meet the Court's deadlines. Plaintiff's application comes two years after commencement of the action and sixteen months after the deadline for filing an amended complaint. Plaintiff's attorney asserts that after reviewing the pleadings and discovery produced while the parties were mediating in settlement conferences, it "quickly became apparent" that additional causes of action should be asserted. Instead of immediately moving to amend the complaint, however, plaintiff waited until the completion of mediation to avoid "needlessly taking up the court's time." In other words, plaintiff was hopeful that the case would be settled, thereby obviating the need to amend the complaint. In that vein, plaintiff's counsel asserts he informed defendant's counsel during mediation that he would seek leave to amend the complaint if mediation failed.

Plaintiff's counsel's reasoning is insufficient to explain why he waited more than nine months after he had appeared in the action and "quickly" realized new claims should be added to raise with the Court the matter of amending the complaint. First, the Court rejects the notion that moving to amend the complaint while the parties were negotiating would have needlessly taken up the Court's time if a settlement was reached. It would have been more efficient to put all

of the possible claims on the table while the parties were negotiating not only to better inform the parties' discussions, but also to resolve all possible claims at the same time.

Second, the Court rejects the notion that informing opposing counsel of the intention to move to amend the complaint, as plaintiff did here in July 2012, is the same as actually moving to amend the complaint in a timely fashion. Plaintiff's argument suggests defendant has been on notice of the proposed new claims throughout the mediation. However, the emails plaintiff attaches in support of this argument reflect only an "intention" to move to amend and do not recite the claims plaintiff now proposes to add.

Third, the fact that plaintiff's initial counsel did not think to assert quasi-contract and equitable claims arising out of the same facts as the breach of contract claim is not an excuse for late amendment. *See 380544 Canada, Inc. v. Aspen Tech., Inc.*, 2011 WL 4089876, at *5 (S.D.N.Y. Sept. 14, 2011); *see also Davidowitz v. Patridge*, 2010 WL 1779279, at *4 (S.D.N.Y. Apr. 23, 2010) ("oversight" of prior counsel insufficient to excuse delay under Rule 15); *Yurman Design Inc. v. Chaindom Enters., Inc.*, 2001 WL 725291, at *2 (S.D.N.Y. June 27, 2001) (same).

Finally, this is not a case where new information gleaned from discovery created the basis for bringing new claims. Although counsel obliquely refers to discovery aiding him in "quickly" realizing that claims for promissory estoppel, quantum meruit, and account stated should have been asserted along with the breach of contract claims stated in the complaint, the Court is unpersuaded that any discovery was needed to bring these claims. Each of these claims is a form of alternative pleading to a breach of contract claim, and in this case, each claim arises out of the same facts upon which plaintiff relies in bringing its breach of contract claims.

Based on the nature of the proposed claims and plaintiff's lack of explanation to the contrary, the Court finds plaintiff should have known of these claims before the deadline, but, in any event, no later than when new counsel admits he thought of adding these claims, which would have been July 2012 at the latest, eight months before plaintiff made this application. Accordingly, there is no good cause for delay. *See Parker v. Columbia Pictures Indus.*, 204 F.3d at 340 (good cause not met because plaintiff was aware of information needed to support his proposed new claim at the time he commenced suit; he learned nothing new in discovery that changed that information).

### B. *Undue Delay and Prejudice*

Even if plaintiff had demonstrated good cause, the Court finds the standard for amendment under Rule 15 is not met because amendment at this point in the litigation would cause undue delay and prejudice to defendant.

In determining whether a non-movant would be prejudiced by an amended pleading, the Court considers "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d at 350.

Here, assertion of plaintiff's new claims would both require defendant to expend significant additional resources to conduct discovery and prepare for trial, and significantly delay resolution of the dispute.

The Court accepts defendant's representation that it would have pursued different and additional discovery if it knew that plaintiff's proposed additional claims were part of the complaint. For example, plaintiff proposes to add a claim for quantum meruit. Under New York law, to recover in quantum meruit, plaintiff must establish "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (quoting *Revson v. Cinque & Cinque,*

**54**

*P.C.*, 221 F.3d 59, 69 (2d Cir.2000)). Here, plaintiff represented to defendant that twelve employees provided services for defendant. Unlike the breach of contract claims alleged, under a quantum meruit claim, the details of the work performed and the value of these employees' services would become relevant and discoverable information to the defense of the action.

With respect to the overlap between the elements and defenses of the old and new claims (*e.g.* the promissory estoppel claim), the Court also accepts defendant's representations that it would have pursued a different discovery strategy, including moving to compel the production of documents that were requested but not produced during discovery.

Even if the Court were to re-open discovery to permit plaintiff to add its proposed claims, the Court is informed that none of the twelve employees who are alleged to have performed services for defendant is currently employed with plaintiff, and their general whereabouts is unknown. Thus, as time has gone by, the ability of defendant timely to obtain discovery from those former employees has diminished if not been made impossible.

Finally, defendant is ready to proceed to trial on the claims in the operative complaint. Re-opening discovery will cause significant delay in the resolution of those claims and the resolution of the action as a whole. *See Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir.1998) ("One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action.") (citations omitted).

### CONCLUSION

Plaintiffs' motion for leave to amend the complaint is DENIED.

The Court notes defendant has decided not to move for summary judgment. Accordingly, by June 13, 2013, in accordance with the Court's Individual Practices (Section 3), the parties are directed to submit a joint pretrial order as well as the pretrial submissions required in non jury cases.

A bench trial is scheduled for July 15, 2013, at 9:30 a.m.