18-1942
*Emengo v. Stark, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand nineteen.

Present:
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
 *Circuit Judges*,
RICHARD M. BERMAN,
 *District Judge*.*

_____

BENEDICT O. EMENGO,

  *Plaintiff-Appellant*,

  v.           18-1942

SHRILEY STARK, JOSEPH MULLEN, GEORGE TIDONA, JOHN AND JANE DOE, (SAID NAMES BEING FICTITIOUS, THE PERSONS INTENDED BEING THOSE WHO AIDED AND ABETTED THE UNLAWFUL CONDUCT OF THE NAMED DEFENDANTS),

  *Defendants-Appellees*.

_____

_____

* Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellant:       SAMUEL O. MADUEGBUNA (William W. Cowles, *on the brief*), Maduegbuna Cooper LLP, New York, NY.

For Defendants-Appellees:      LINDA FANG, Assistant Solicitor General (Anisha S. Dasgupta, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *on the brief*), *for* Letitia A. James, Attorney General of the State of New York, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Benedict Emengo ("Emengo") appeals from the November 7, 2017 decision and order of the United States District Court for the Southern District of New York (Hellerstein, *J.*) denying Emengo leave to file and serve an amended complaint, and the district court's November 17, 2017 decision and order denying his motion for reconsideration. Emengo also appeals the June 12, 2018 decision and order of the district court granting summary judgment to Defendants-Appellees Shirley Stark, Joseph Mullen, and George Tidona (collectively, "Defendants").

We review the denial of both a motion for reconsideration and a motion to amend for abuse of discretion. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 242 (2d Cir. 2007); *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). "We review *de novo* a district court's grant of summary judgment, 'construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.'" *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (quoting *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

2

Civ. P. 56(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

* * *

On December 21, 2015, Emengo brought the present action asserting discrimination and retaliation claims against the Defendants, employees of the New York State Insurance Fund ("NYSIF"), under 42 U.S.C. §§ 1981, 1983, New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). Specifically, Emengo, an African-American male of Nigerian national origin, claims that the Defendants discriminated against him in failing to promote him to the positions of either "Director" or "Deputy Director" of the Division of Confidential Investigations ("DCI") during the period ranging from 2013 to 2015. Emengo also asserts that the Defendants' failure to promote him constituted one of several retaliatory actions initiated against him in response to his filing of a lawsuit in New York state court asserting discrimination claims following a prior failure to promote him.

During the relevant period, Defendant-Appellee Shirley Stark ("Stark") served as Deputy Executive Director of NYSIF, and Defendant-Appellee Joseph Mullen ("Mullen") served as Director of Administration of NYSIF. In 2013, Defendant-Appellee George Tidona ("Tidona"), an external candidate, was hired to fill the NYSIF Director position. From 2013 to 2015 the Deputy Director position remained vacant.

**A. The District Court's Denial of Emengo's Motion to Amend**

On August 30, 2017, Emengo moved to amend his complaint, seeking to add three new defendants: Dorothy Carey, Peter Cusick, and William O'Brien, all of whom were NYSIF employees during the relevant period. The district court denied that motion on the ground that Emengo had failed to show "good cause" for seeking to amend his complaint over a year past the

July 29, 2016 deadline for joining new parties imposed by the parties' agreed-upon Rule 16 scheduling order. Special Appendix ("S.A.") 1–2.

Generally, "a district court has broad discretion to decide whether to grant leave to amend." *In re Tamoxifen Citrate Antitrust Litig.*, 429 F.3d 370, 404 (2d Cir. 2005), *superseded on other grounds*. "Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 15(a) and 16(b)). The "primary consideration" in assessing good cause is the "diligence" of the moving party. *Kassner*, 496 F.3d at 244.

Applying these principles, we conclude that the district court did not abuse its discretion in denying Emengo's untimely motion to amend his complaint. Over a year *prior* to filing his motion to amend, Emengo received the Defendants' interrogatories, which explicitly listed O'Brien, Cusick, and Carey as parties that participated in the promotion and hiring decisions forming the basis for Emengo's lawsuit. Even assuming, *arguendo*, that the interrogatories did not provide a sufficient basis for Emengo to amend his complaint at that time, at a minimum they put Emengo on notice of these parties' relevance to his suit. Yet Emengo did not seek an extension of the joinder deadline or even depose the relevant witnesses until almost a year later. The district court therefore acted well within its discretion in concluding that Emengo's nearly year-long failure to move for amendment after learning of these parties' relevance to his claims failed to demonstrate the diligence necessary to satisfy Rule 16.[1]

---

[1] For these reasons, the district court also did not err in denying Emengo's motion for reconsideration.

4

**B. The District Court's Granting of the Motion for Summary Judgment**

Emengo next argues that the district court erred in granting summary judgment to the Defendants on his discrimination and retaliation claims. The district court focused its analysis on Emengo's failure to establish that any of the Defendants were "personally involved" in the decision not to promote him to the Director or Deputy Director positions. Special Appendix ("S.A." 5–6). We need not decide, however, whether Emengo adequately established Defendants' personal involvement in the actions at issue because we conclude that Emengo failed to provide sufficient evidence that the failure to promote him was motivated by discriminatory animus.

Emengo's discrimination claims, aside from those brought under the NYCHRL, proceed under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013); *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). Pursuant to this framework, "[a] plaintiff must establish a prima facie case; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the [adverse employment action]; and the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext." *Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 231 (2d Cir. 2015) (internal quotation marks and citation omitted).

Even assuming Emengo has established a prima facie case of discrimination, Defendants have provided legitimate, non-discriminatory reasons for the employment decisions at issue. Defendants produced substantial and unrebutted evidence that Tidona was hired for the Director position because of his extensive experience and his numerous contacts in law enforcement. They also offered evidence that the Deputy Director position remained vacant between 2013 and 2015

5

because, although Tidona had commenced a hiring process, he was more concerned with hiring investigators and because he felt that DCI was adequately supervised.

While Defendants sufficiently established non-discriminatory reasons for the failure to promote Emengo, he has failed to present sufficient evidence that these reasons are mere pretext for actual discriminatory motivations. Beyond offering conclusory allegations that NYSIF fostered a racist culture, Emengo highlights a single derogatory remark about "immigrants" made by Mullen, seven years prior to the period at issue here. Appendix 451. But Mullen's "stray remark" made in a context temporally remote from and entirely unconnected to the relevant hiring process is not sufficient to support a finding of pretext. *See Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998) ("[S]tray remarks, even if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination."); *cf. Sassaman v. Gamache*, 566 F.3d 307, 314 (2d Cir. 2009) (declining to characterize remark as "stray" where defendant made remark on the very same phone call during which he convinced the plaintiff to resign). We therefore affirm the district court's decision that a reasonable fact finder could not conclude that race, national origin, or ancestry was the reason for the Defendants' alleged failure to promote Emengo to the Director or Deputy Director positions.

We also affirm the district court's decision to grant Defendants' motion for summary judgment on Emengo's retaliation claims. The *McDonnell Douglas* standard again applies to Emengo's retaliation claims, except for those brought under NYCHRL. *See Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015); *Lore*, 670 F.3d at 157. First, most of the actions Emengo alleges to have been retaliatory simply fail to rise to the level of "materially adverse" actions that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination," necessary for establishing a prima facie case. *Fincher v. Depository Tr. &*

*Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006)). Second, with regards to the decision not to hire Plaintiff for the Director or Deputy Director positions, Defendants have articulated "legitimate, [non-retaliatory] reason[s]" for those decisions. *McDonnell Douglas Corp.*, 411 U.S. at 802. Emengo, for his part, has again failed to produce sufficient evidence of pretext.

Finally, we affirm the district court's grant of summary judgment dismissing Emengo's discrimination and retaliation claim brought under the NYCHRL. Emengo has failed to provide sufficient evidence that the Defendants treated him "less well than other employees because of" his race, color, or national origin, necessary for withstanding a motion for summary judgment on his NYCHRL discrimination claim. *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 78 (N.Y. App. Div. 2009). With regard to Emengo's NYCHRL retaliation claim, he has failed to provide evidence of a "causal connection" between his lawsuit filed in state court and the various incidents he deems retaliatory. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 113 (2d Cir. 2013). Therefore, the district court did not err in dismissing Emengo's NYCHRL claims at the summary judgment stage.

We have considered Emengo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7