24-2499-cv
*Matthews v. Rasa*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-five.

PRESENT:
> **ROBERT D. SACK,**
> **MYRNA PÉREZ,**
> > *Circuit Judges,*
> **VINCENT L. BRICCETTI,**
> > *District Judge.*[*]

_____

**Susan Matthews,**

> *Plaintiff-Appellant,*

> v.                                  **24-2499**

---

[*] Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

**Inspector Paul Rasa, Unknown Employees, City of New York,**

*Defendants-Appellees,*

**New York Police Department,**

*Defendant.*

_____

FOR PLAINTIFF-APPELLANT:    SUSAN MATTHEWS, *pro se*, Staten Island, NY.

FOR DEFENDANTS-APPELLEES:    KARIN WOLFE, Assistant Corporation Counsel, (Rebecca L. Visgaitis, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ho, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

2

Susan Matthews, *pro se*, appeals from the District Court's judgment dismissing her employment discrimination action against her former employer, the City of New York, and her former supervisor, Inspector Paul Rasa. Matthews sued the City and Rasa under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), alleging that she was discriminated against when she was passed over for promotions and subjected to a hostile work environment and that she suffered retaliation after making complaints of discrimination. The Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Matthews's amended complaint. The District Court granted the motion, dismissed Matthews's amended complaint for failure to state a claim, declined to exercise supplemental jurisdiction over her state and local law claims, and denied further leave to amend. *Matthews v. City of New York*, No. 23-CV-3959, 2024 WL 4135483 (S.D.N.Y. Sep. 10, 2024). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (quoting *Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1076 (2d Cir. 2021)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Because Matthews "has been *pro se* throughout, [her] pleadings and other filings are interpreted to raise the strongest claims they suggest." *See Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

The District Court properly dismissed Matthews's amended complaint for failure to state claims of discrimination, hostile work environment, or retaliation under Title VII or the ADEA.

## I.      Discrimination & Hostile Work Environment

First, we agree that Matthews failed to state a Title VII discrimination claim.  To state a Title VII discrimination claim "absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff [(1)] is a member of a protected class, [(2)] was qualified, [(3)] suffered an adverse employment action, and [(4)] has at least minimal support for the proposition that the employer was motivated by discriminatory intent."  *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023) (alterations in original) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

Here, Matthews failed to allege facts that would give rise to even a minimal inference of discrimination on the basis of her race or color.   Matthews alleged that Black and Hispanic colleagues were promoted, while she and another white colleague were not.   But Matthews failed to offer any details to

5

suggest that "she was similarly situated in all material respects" to these promoted colleagues. *See Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (citation omitted).

Matthews also asserted that the NYPD "secretly manufacture[d]" job titles for "minority" employees in order to pay them higher salaries. However, as the District Court explained, these allegations were conclusory and speculative. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Second, we agree that Matthews failed to state a discrimination claim under the ADEA. "[T]o defeat a motion to dismiss or a motion for judgment on the pleadings, an ADEA plaintiff must plausibly allege that [s]he would not have been terminated but for h[er] age." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 303 (2d Cir. 2021). Here, Matthews did not allege facts suggesting that her age was a but-for cause of the NYPD's decisions to deny her a promotion or raise. Her assertions of age discrimination were conclusory.

Third, for the same reasons, we agree that Matthews failed to state a hostile work environment claim under Title VII or the ADEA. It is "'axiomatic that

6

mistreatment at work, whether through subjection to a hostile environment or through [other means], is actionable under Title VII only when it occurs because of an employee's . . . *protected characteristic*,' such as race or national origin." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014) (alteration in original) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)). The same applies for a hostile work environment claim under the ADEA: "A plaintiff must . . . demonstrate that she was subjected to the hostility because of her membership in a protected class." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 241 (2d Cir. 2007) (citation omitted). Here, as described above, Matthews's allegations did not plausibly suggest that any of the alleged events occurred because of her race, color, or age.

## II. Retaliation

We further agree that Matthews failed to state a retaliation claim under Title VII or the ADEA. Both Title VII and the ADEA prohibit retaliation and "the same standards and burdens apply to claims under both statutes." *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 2006). To establish a prima facie claim of retaliation, a plaintiff must show "(1)

participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005)).

We need not address the first two requirements, although the parties at least agree that the alleged filing of an EEOC complaint constitutes a protected activity. The retaliation claims fail because Matthews does not satisfy the third and fourth requirements: an adverse employment action that is causally related to the protected activity. For a Title VII or ADEA retaliation claim, an adverse employment action is conduct that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *See Banks v. Gen. Motors, LLC*, 81 F.4th 242, 275 (2d Cir. 2023) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). Here, the sole allegations which post-date the protected filing of an EEOC complaint, and therefore can possibly have a causal relationship with that filing, relate to an "angry and nasty" meeting, the

8

removal of COVID-19 barriers in an open area near Matthews's desk, and an incident where another employee was "staring" at Matthews at work.

Individually, these allegations do not constitute adverse employment actions. *See, e.g.*, *Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 180 (2d Cir. 2023) (characterizing a claim premised, in part, on a "hostile tone in emails," which "were the result of generally applicable workplace policies," as insufficient); *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 571 (2d Cir. 2011) (noting that yelling and staring are insufficient). And to the extent Matthews relies on a cumulative theory of constructive discharge to satisfy the requirement of an adverse employment action for her retaliation claim, the allegations similarly fail. *See Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1156 (2d Cir. 1993) ("Nor is the test merely whether the employee's working conditions were difficult or unpleasant.").

### III. Supplemental Jurisdiction and Leave to Amend

The District Court did not abuse its discretion by declining to exercise supplemental jurisdiction over Matthews's remaining NYSHRL and NYCHRL claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

9

The District Court also properly denied Matthews further leave to amend as futile.   *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered Matthews's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court